**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-07387-BRO (JPRx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | DUKE PARTNERS, LLC V. CARRIE O JOLLY ET AL. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)
**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

  A federal court must determine its own jurisdiction, even where there is no objection to it. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. §§ 1331, 1332, or 1333. Under § 1331, a federal court has "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, a federal district court has jurisdiction over a civil action between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The United States Supreme Court has interpreted the diversity statute to require "complete diversity of citizenship," meaning that each plaintiff must be diverse from each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Pursuant to § 1333, federal courts have original jurisdiction over admiralty or maritime cases as well as over cases regarding "[a]ny prize brought into the United States." 28 U.S.C. § 1333.

  Plaintiff Duke Partners, LLC ("Plaintiff") filed this unlawful detainer action against Defendants Carrie O Jolly and Michele Louise Johnson-Burnett (collectively, "Defendants") in the Superior Court of California, County of Los Angeles on May 23, 2016. On August 18, 2016, Defendants filed their first Notice of Removal to this Court. *See Duke Partners, LLC v. Carrie O Jolly et al.*, No. 16-cv-06214-BRO-JPR, ECF No. 1. The Court issued an Order to Show Cause requiring Defendants to clarify how this Court has jurisdiction over the action as the only issue in this litigation is unlawful detainer—a

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-07387-BRO (JPRx)** | Date | October 17, 2016 |
|---|---|---|---|
| Title | **DUKE PARTNERS, LLC V. CARRIE O JOLLY ET AL.** | | |

matter arising under state law. *Duke Partners*, No. 16-cv-06214-BRO-JPR, ECF No. 6. Defendants responded to the Order to Show Cause, concurring in the Court's determination that the case was improperly removed. *Duke Partners*, No. 16-cv-06214-BRO-JPR, ECF No. 7. Accordingly, the Court remanded the action to the Superior Court. *Duke Partners*, No. 16-cv-06214-BRO-JPR, ECF No. 10.

Nonetheless, on September 9, 2016, Defendant Michele Louise Burnett[1] removed this action again. (*See Duke Partners, LLC v. Carrie O Jolly et al.*, No. 16-cv-06793-BRO-JPR, ECF No. 1.) The Court again dismissed her action for lack of subject matter jurisdiction. *See Duke Partners*, No. 16-cv-06793-BRO-JPR, ECF No. 10.

And yet, Ms. Burnett is back. Once again, on October 3, 2016, Ms. Burnett filed another Notice of Removal. (Dkt. No. 1 (hereinafter, "Removal").) In her Removal, she alleges, as in her first two Notices of Removal, that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1333. (*See id.*) Ms. Burnett makes an argument identical to that in her last Notice of Removal that this case arises under federal statutes; specifically, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k, as well as 18 U.S.C. § 241, 42 U.S.C. § 1983, 15 U.S.C. § 1981, and 18 U.S.C. § 1985. (Removal at 2.) The Complaint mentions none of the statutes cited by Ms. Burnett, however, and she fails to explain how, despite the first two removals being improper, this removal of the exact same action for a second time is appropriate.[2]

Additionally, under 28 U.S.C. § 1446, a Notice of Removal must be executed within thirty days after the defendant has received a copy of the Complaint. 28 U.S.C. § 1446(b). Ms. Burnett attaches to her Removal a copy of the Declaration of Service indicating that service was executed on May 16, 2016. (*See* Removal, Ex. A.) Ms. Burnett did not make this third Removal attempt until October 3, 2016. (*See* Removal.) Therefore, her Removal is untimely.

---

[1] It is unclear whether Ms. O Jolly was involved in the second removal, but her involvement is immaterial as the removal was improper, regardless.

[2] Moreover, Ms. Burnett attaches to her Removal Plaintiff's Notice of Entry of Judgment Pursuant to a Jury Verdict. (*See* Removal, Ex. B.) According to the Notice, a jury verdict was entered in the underlying action on August 19, 2016. (*Id.*)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-07387-BRO (JPRx)** | Date | October 17, 2016 |
|---|---|---|---|
| Title | **DUKE PARTNERS, LLC V. CARRIE O JOLLY ET AL.** | | |

    This is Ms. Burnett's third meritless attempt to remove the action to this Court. The Court admonishes Ms. Burnett that if she frivolously attempts to remove this action again, the Court may impose sanctions against her under Federal Rule of Civil Procedure 11. *See* Fed. R. Civ. P. 11(c) (granting the court authority to "impose an appropriate sanction on any . . . party" that files a frivolous motion, pleading, or argument); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (noting "that the rule explicitly applies to parties not represented by attorneys"). Such sanctions "may include nonmonetary directives" such as dismissal or being barred from filing any action in this Court or an order to pay a penalty into court. *See* Fed. R. Civ. P. 11(c)(4); *De Long v. Hennessey*, 912 F.2d 1144 (9th Cir. 1990) (holding that district court has the authority to prevent litigants from filing unmeritorious claims in federal court).

    Accordingly, the Court is required to inform Ms. Burnett that the action is, once again, **DISMISSED with prejudice**, as the Court lacks subject matter jurisdiction and the Removal is untimely.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |